[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 174.]

THE STATE OF OHIO, APPELLEE, v. HILL, APPELLANT.

[Cite as *State v. Hill*, 1997-Ohio-293.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failing to file his application within ninety days after journalization of the appellate judgment.*

(No. 96-2370—Submitted March 4, 1997—Decided April 16, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920497.

———————————

{¶ 1} Appellant, Jeffrey D. Hill, was convicted of the aggravated murder of his mother and sentenced to death. He was also sentenced to prison terms for several associated felonies. The court of appeals affirmed the convictions and sentence. *State v. Hill* (Dec. 22, 1993), Hamilton App. No. C-920497, unreported, 1993 WL538902. On direct appeal as of right, we also affirmed. *State v. Hill* (1995), 73 Ohio St.3d 433, 653 N.E.2d 271, certiorari denied *Hill v. Ohio* (1996), 516 U.S. ___, 116 S.Ct. 788, 133 L.Ed.2d 738. Subsequently, we issued a stay of execution to allow Hill to file a petition for post-conviction relief. *State v. Hill* (1996), 76 Ohio St.3d 1428, 667 N.E.2d 412.

{¶ 2} On or about July 2, 1996, Hill filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel before that court. The court of appeals noted that Hill's application was untimely under App.R. 26(B) for not having been filed within ninety days from the journalization of the decision of the court of appeals.

{¶ 3} Hill argued before the court of appeals that good cause existed for the late filing because one attorney, who represented him initially before the court of appeals on his direct appeal, also represented him in his direct appeal to the Supreme Court. The court of appeals, however, noted that another attorney who also represented Hill before the Supreme Court on direct appeal had not represented him before the court of appeals. Further, Hill had already raised in his appeal to the Supreme Court his claim of alleged ineffective assistance of appellate counsel before the court of appeals. Thus, the court of appeals found no good cause for the late filing and denied Hill's application for reopening the appeal. Hill now appeals that decision to this court.

_____

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for appellee.

*Gary W. Crim*, for appellant.

_____

***Per Curiam.***

{¶ 4} We affirm the judgment of the court of appeals for the reasons stated in its journal entry, which is appended hereto.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

APPENDIX

STATE OF OHIO, Plaintiff-Appellee vs. JEFFREY D. HILL, Defendant-Appellant.
No. C-920497

ENTRY DENYING APPLICATION FOR REOPENING.

{¶ 5} This cause came on to be considered upon the application of defendant-appellant Jeffrey D. Hill for reopening the appeal wherein judgment was

entered by this court in *State v. Hill* (Dec. 22, 1993), Hamilton App. No. C-920497, unreported, and the memoranda filed by the parties in connection therewith.

**{¶ 6}** App.R. 26(B)(2)(b) requires a showing of good cause for filing an application to reopen more than ninety days after journalization of the appellate judgment. Appellant argues that there is good cause for filing this application approximately two and one-half years after this court's judgment was journalized because the same attorney participated in representing appellant in the direct appeals of his capital case to this court and to the Ohio Supreme Court (and, apparently, in subsequent motions).

**{¶ 7}** In *State v. Williams* (1996), 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1253, the court held that:

"[I]ssues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so. Thus, in capital cases in which the death penalty has been imposed for offenses committed before January 1, 1995, such issues must be raised in the first appeal as of right in this court, unless, because of unusual circumstances, applying the doctrine of *res judicata* would be unjust. See *State v. Murnahan* [(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, 1209]."

**{¶ 8}** Considering that appellant also received new counsel on appeal to the Ohio Supreme Court, that such counsel did raise in the Supreme Court the issue of ineffective assistance of counsel before the Court of Appeals, and that many of the issues appellant now attempts to raise have already been addressed in the Supreme Court's decision, we find no injustice in applying the doctrine of res judicata.

**{¶ 9}** Therefore, appellant's application for reopening is denied.

_____