THE STATE OF OHIO, APPELLEE, *v.* GILLARD, APPELLANT.

[Cite as *State v. Gillard* (1999), 85 Ohio St.3d 363.]

(No. 98–1157—Submitted December 15, 1998—Decided April 28, 1999.)

*Robert D. Horowitz,* Stark County Prosecuting Attorney, and *Ronald Mark Caldwell,* Chief, Appellate Division, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Jennifer P. Hite* and *Laurence E. Komp,* Assistant Public Defenders, for appellant.

*Per Curiam.* Gillard is not entitled to relief under App.R. 26(B). A prerequisite for such relief is a finding that "the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency." App.R. 26(B)(9).

Gillard was not denied the effective assistance of counsel on his first appeal as of right—*i.e.*, his direct appeal to the court of appeals in 1987.[1] His counsel won the appeal for him. We cannot see how the assistance of counsel could have been more effective than that.

Moreover, assuming that Gillard had a viable ineffective-assistance claim against his appellate counsel, he should have raised any such claim in his 1988 cross-appeal to this court. See *Gillard III*, 78 Ohio St.3d at 549, 679 N.E.2d at 279. In that proceeding, Gillard was represented by different counsel. Hence, there was no obstacle to his presenting to us any ineffective-assistance claim he may have had.[2] Cf. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529–530, 639 N.E.2d 784, 785–786 (counsel cannot be expected to argue his own ineffectiveness).

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. As we held in *Gillard III*, 78 Ohio St.3d at 550, 679 N.E.2d at 279–280, Gillard's counsel did not render ineffective assistance by failing to raise new issues in the court of appeals' 1990 proceedings on remand from *Gillard I*, as such issues were beyond the scope of the remand.

2. Jack A. Blakeslee represented Gillard before the court of appeals in 1987. After the state obtained leave to appeal, we granted Blakeslee's motion to withdraw. We then appointed John N. Mackey and Kathleen O. Tatarsky to represent Gillard in this court. Five months after Blakeslee withdrew, Mackey and Tatarsky filed Gillard's delayed cross-appeal. Gillard's merit brief on cross-appeal was signed by Mackey and Tatarsky and filed nearly eight months after Blakeslee withdrew.