[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 363.]

THE STATE OF OHIO, APPELLEE, *v.* GILLARD, APPELLANT.

[Cite as *State v. Gillard*, 1999-Ohio-385.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when performance of appellate counsel was not deficient.*

(No. 98-1157—Submitted December 15, 1998—Decided April 28, 1999.)

APPEAL from the Court of Appeals for Stark County, No. CA-6701.

_____

{¶ 1} Appellant, John Grant Gillard, was convicted of aggravated murder and sentenced to death. In 1987, the Court of Appeals for Stark County reversed his conviction and sentence. *State v. Gillard* (Jan. 21, 1987), Stark App. No. CA-6701, unreported, 1987 WL 5768. The state sought and obtained this court's leave to appeal. Also by leave of court, Gillard cross-appealed on two assignments of error that the court of appeals had overruled. We sustained the state's six propositions of law, overruled Gillard's two propositions on cross-appeal, reversed the court of appeals' judgment, and remanded to that court for independent review of the death sentence. *State v. Gillard* (1988), 40 Ohio St.3d 226, 533 N.E.2d 272 (*Gillard I*).

{¶ 2} On remand, the court of appeals affirmed the death sentence. *State v. Gillard* (June 25, 1990), Stark App. No. CA-6701, unreported, 1990 WL 94632. Gillard appealed that judgment to this court. In the process, he added a number of new claims, one of which involved a claimed conflict of interest on the part of his trial counsel. We remanded to the Stark County Court of Common Pleas with instructions to determine whether or not a conflict existed, hold a new trial if it

found a conflict, and return the cause to this court if not. *State v. Gillard* (1992), 64 Ohio St.3d 304, 595 N.E.2d 878 (*Gillard II*).

**{¶ 3}** The trial court found that no conflict existed and returned the cause to this court. We affirmed the trial court's finding. *State v. Gillard* (1997), 78 Ohio St.3d 548, 550-555, 679 N.E.2d 276, 280-283 (*Gillard III*). We also conducted our independent review, R.C. 2929.05(A), and affirmed Gillard's death sentence. *Id.*, 78 Ohio St.3d at 555-558, 679 N.E.2d at 283-285. In that proceeding, Gillard again tried to raise new issues, which we declined to consider because they were beyond the scope of our remand and also because they were *res judicata*, Gillard having failed to raise them in his 1988 cross-appeal to this court. 78 Ohio St.3d at 550, 679 N.E.2d at 279-280.

**{¶ 4}** On July 7, 1997, Gillard filed in the court of appeals an application to reopen his direct appeal under App.R. 26(B). He alleged that his appellate counsel had rendered ineffective assistance before the court of appeals by failing to raise certain issues during his 1987 appeal to that court. When the state failed to respond, the court of appeals granted the application, thereby reinstating Gillard's direct appeal. On the reinstated appeal, the court of appeals reaffirmed the judgment of the common pleas court. *State v. Gillard* (Apr. 27, 1998), Stark App. No. CA-6701, unreported. From the court of appeals' judgment, Gillard appeals as of right.

———————————

*Robert D. Horowitz*, Stark County Prosecuting Attorney, and *Ronald Mark Caldwell*, Chief, Appellate Division, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Jennifer P. Hite* and *Laurence E. Komp,* Assistant Public Defenders, for appellant.

———————————

*Per Curiam*.

{¶ 5} Gillard is not entitled to relief under App.R. 26(B).  A prerequisite for such relief is a finding that "the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency."  App.R. 26(B)(9).

{¶ 6} Gillard was not denied the effective assistance of counsel on his first appeal as of right—*i.e*., his direct appeal to the court of appeals in 1987.[1]  His counsel won the appeal for him.  We cannot see how the assistance of counsel could have been more effective than that.

{¶ 7} Moreover, assuming that Gillard had a viable ineffective-assistance claim against his appellate counsel, he should have raised any such claim in his 1988 cross-appeal to this court.  See *Gillard III*, 78 Ohio St.3d at 549, 679 N.E.2d at 279.  In that proceeding, Gillard was represented by different counsel.  Hence, there was no obstacle to his presenting to us any ineffective-assistance claim he may have had.[2]  Cf. *State v. Lentz* (1994), 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784, 785-786 (counsel cannot be expected to argue his own ineffectiveness).

{¶ 8} The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

───────────────────

1. As we held in *Gillard III*, 78 Ohio St.3d at 550, 679 N.E.2d at 279-280, Gillard's counsel did not render ineffective assistance by failing to raise new issues in the court of appeals' 1990 proceedings on remand from *Gillard I*, as such issues were beyond the scope of the remand.

2. Jack A. Blakeslee represented Gillard before the court of appeals in 1987.  After the state obtained leave to appeal, we granted Blakeslee's motion to withdraw.  We then appointed John N. Mackey and Kathleen O. Tatarsky to represent Gillard in this court.  Five months after Blakeslee withdrew, Mackey and Tatarsky filed Gillard's delayed cross-appeal. Gillard's merit brief on cross-appeal was signed by Mackey and Tatarsky and filed nearly eight months after Blakeslee withdrew.