## MOTION AND PROCEDURAL RULINGS

**1988–0351.  State v. Cooey.**
Summit App. No. CA12943. On motion to set execution date. Motion granted.
  MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., dissent.

**2002–1515.  Haley v. Wilson.**
Summit App. No. 20967, 2002-Ohio-3987. On bill and documentation of attorney fees. Attorney fees granted in the amount of $3,537.60.
  PFEIFER and COOK, JJ., dissent.

**2002–1672.  State ex rel. Smith v. Dickinson.**
In Mandamus and Prohibition. On motion under Civ.R. 60(B). Motion denied.
  RESNICK, J., would dismiss.

**2002–1831.  State v. Kaplowitz.**
Lake App. No. 2001–L–025, 2002-Ohio-4217. On motion to strike appellee's statement of case. Motion denied.
  MOYER, C.J., dissents.
  COOK, J., not participating.

**2002–2054.  Munoz v. Nationwide Fire Mut. Ins. Co.**
Lucas App. No. L–02–1105, 2002-Ohio-6186. On motion to consolidate case with 2002–0702 and motion to stay briefing schedule and hold for decision in 2002–0702. Motion to consolidate denied, stay granted, and cause held for the decision in 2002–0702, *Burkholder v. German Mut. Ins. Co.*, Lucas App. No. L–01–1413, 2002-Ohio-1184; briefing schedule stayed.
  RESNICK, J., not participating.

**2003–0171.  State ex rel. Maloney v. Sherlock.**
In Mandamus. On answers of respondents and motion for leave to intervene of Mahoning County Township Association. Motion for leave to intervene denied; sua sponte, alternative writ granted.
  RESNICK, J., concurs but would consolidate this cause with 2003–0172, *State ex rel. Dellick v. Sherlock.*
  COOK, J., not participating.

**2003–0172.  State ex rel. Dellick v. Sherlock.**
In Mandamus. On answers of respondents and motion for leave to intervene of Mahoning County Township Association. Motion for leave to intervene denied; sua sponte, alternative writ granted.
  RESNICK, J., concurs but would consolidate this cause with 2003–0171, *State ex rel. Maloney v. Sherlock.*
  COOK, J., not participating.

**2003–0283.  State v. Thompson.**
Cuyahoga App. No. 78919, 2002-Ohio-6478. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated in the court of appeals' Journal Entry filed January 10, 2003:
  "Motion by appellee to certify a conflict is granted. This court's decision in *State of Ohio v. Alexander Thompson,* Cuyahoga App. No. 78919 [2002-Ohio-6478], is in conflict with *State v. McFolley* (July 11, 2001), Lorain App. No. 00CA007614 [2001 WL 773231]. The issue is: 'Whether R.C. 2967.021 is ambiguous as to whether it applies to persons on parole for a crime committed prior to July 1, 1996, who fail to report to their parole officer after March 17, 1998, and therefore the statute must be construed against the state in determining whether such parole violators are subject to prosecution for the crime of escape.' "
  Sua sponte, cause consolidated with 2003–0252, *State v. Thompson,* Cuyahoga App. No. 78919, 2002-Ohio-6478.

**2003–0313.  State v. Barnhouse.**
Athens App. No. 02CA22, 2002-Ohio-7082. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated at page 2 of the court of