JOURNAL ENTRY and OPINION.
{¶ 1} On November 27, 2002, the applicant, Grady Krzywkowski, applied, pursuant to App.R. 26(B) and State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204, to reopen this court's judgment inState v. Krzywkowski, Cuyahoga App. No. 80392, 2002-Ohio-4438, in which this court affirmed his convictions of four counts of rape and two counts of gross sexual imposition against two of his young children. Mr. Krzywkowski asserts that his appellate counsel was ineffective. On February 7, 2003, the State of Ohio filed its brief in opposition, and on March 7, 2003, Mr. Krzywkowksi filed his reply brief. For the following reasons, this court denies the application to reopen.
 {¶ 2} First, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In Murnahan, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
 {¶ 3} When Mr. Krzywkowski appealed to the Supreme Court of Ohio, he explicitly argued that his appellate counsel was ineffective.[1]
This court has consistently held that such appeals bar claims of ineffective assistance of appellate counsel based on the principles of res judicata. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752; Statev. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, reopening disallowed (Aug. 8, 2000), Motion No. 16647 and State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241.[2]
 {¶ 4} Furthermore, in the present application Mr. Krzywkowski raises four assignments of error which he claims should have been argued. The fourth is that his appellate counsel should have federalized the initial arguments by citing certain federal cases. This is exactly the same argument he made to the Supreme Court of Ohio, and the vast majority of these federal cases are the same ones he cited to the supreme court.
 {¶ 5} Mr. Kryzwkowski makes various arguments why the application of res judicata would be unjust in his case: (1) broadly applying res judicata would render App.R. 26(B) a nullity, (2) counsel often needs more time to prepare an application as compared to a memorandum in support of jurisdiction, especially in the present case which had a 2,000-page transcript, and (3) appellate court judges should rule on claims of ineffective assistance of appellate counsel.
 {¶ 6} These arguments are unpersuasive. First, the Supreme Court of Ohio has repeatedly ruled that even having the ability to raise the issue of ineffective assistance of appellate counsel in the supreme court may properly invoke res judicata to bar an App.R. 26(B) application.State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; Statev. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987;[3] Statev. Colombo, 73 Ohio St.3d 306, 1995-Ohio-321, 652 N.E.2d 987; State v.Hill, 78 Ohio St.3d 174, 1997-Ohio-293, 677 N.E.2d 337; and State v.Gillard, 85 Ohio St.3d 363, 1999-Ohio-385, 708 N.E.2d 708. Furthermore, it seems just to apply res judicata when a defendant has previously raised the identical general issue, effective assistance of appellate counsel, in a higher court and that court has rejected the argument.
 {¶ 7} Nevertheless, this court will examine the specific issues raised. In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 8} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 9} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 10} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 11} In the present case Mr. Krzywkowski's arguments on ineffective assistance of appellate counsel are not well taken. His first raises a double-pronged argument against testimony relating to young Katelyn Krzywkowski, e.g., the foster mother's observations of her bizarre behavior and accounts of how Mr. Krzywkowski physically and sexually abused her. Mr. Krzywkowski has four children. The grand jury indicted him for sexual abuse of three of the children, but not Katelyn, nor did she testify. Nevertheless, trial testimony referred to her. Mr. Krzywkowski now complains that his trial counsel was ineffective for failing to object to such testimony and also that the trial court abused its discretion in admitting such testimony because it was more prejudicial than probative. Therefore, appellate counsel should have argued this point.
 {¶ 12} However, Mr. Kryzwkowski has not established appellate counsel's deficiency. First, appellate counsel referenced the testimony relating to Katelyn as part of other assignments of error, that the admission of "other bad acts" testimony was prejudicial error (Appellant's brief page 11) and that the verdict was against the manifest weight of the evidence. (Appellant's brief page 29.) Appellate counsel based his first assignment of error on the testimony given about various harsh or unusual forms of corporal punishment used on the children, for which Mr. Krzywkowski was not indicted. He also argued under manifest weight that "it is not surprising that the jury lost its way in deliberating upon the trial evidence in light of the varied and numerous references to `other bad acts' concerning unusual discipline inside the Kryzwkowski household." (Appellate brief page 29.) This argument included acts against the younger daughter. This court will not second guess counsel's strategic and tactical decisions to assign this "other bad acts" testimony as error or to reference the testimony relating to the younger daughter as part of these arguments and not to argue the testimony relating to the younger daughter as a separate assignment of error.
 {¶ 13} Furthermore, a review of the record indicates that at various times trial counsel did object to testimony relating to the younger daughter, e.g., Tr. 994, 997, 1002, 1014, 1015, 1016, 1017 and 1018. In fact, the transcript indicates that trial counsel often objected. Given the deference courts must given to the strategic and tactical decisions of trial counsel, it is understandable why appellate counsel would not want to pose an argument micro-analyzing trial counsel's objections.
 {¶ 14} Next, the foster mothers of the children gave hearsay testimony of incidents of sexual abuse which the Krzywkowski children related to them: e.g., the older daughter told her foster mother that "[w]hen dad got mad at us, he would take his four fingers and stick them in Katie's private or poke us in the butt with toys and try to poke us in our privates with toys." (Tr. 1002-1003.) Mr. Krzywkowski now maintains that his appellate counsel should have argued that this was inadmissible, prejudicial hearsay.
 {¶ 15} Appellate counsel argued eight assignments of error, including questioning the competency of the children to testify, the propriety of allowing a medical doctor to testify as an expert without allowing defense counsel to examine the records upon which he relied, the hearsay recitation of a social worker who did not participate in the diagnosis and treatment of the children, and permitting a social worker who had not examined or interviewed the children to testify. In evaluating possible arguments, appellate counsel would be able to foresee that the state would argue that the foster mothers' hearsay testimony would be admissible under Evid. R. 803(2), Excited utterance, or Evid. R. 803(4), Statements for purposes of medical diagnosis or treatment. The Specialized Alternative for Family and Youth Agency placed the children; it is apparent that the children were damaged goods and were placed as part of a healing treatment. What the children told the foster mothers was used in diagnosing and treating the children. As to the excited utterance exception to the hearsay rule see, State v. Smith (1986),34 Ohio App.3d 180, 517 N.E.2d 933; State v. Wagner (1986),30 Ohio App.3d 261, 508 N.E.2d 164; and State v. Fowler (1985),27 Ohio App.3d 149, 500 N.E.2d 390. Again, this court will not second guess appellate counsel's strategic and tactical decisions to argue the above points and not the hearsay testimony of the foster mothers.
 {¶ 16} Mr. Kryzwkowski also asserts that his appellate counsel should have argued sufficiency of the evidence. But appellate counsel did argue the manifest weight of the evidence. "[I]n determining that the judgment was not against the manifest weight of the evidence, this court was required to go beyond the question of law which a claim of insufficiency of the evidence would present and examine the broader issues of credibility, etc. Appellate counsel did not, therefore, violate any essential duty to applicant nor was applicant prejudiced by the absence of an assignment of error asserting insufficiency of the evidence." State v. Dines (Nov. 1, 1990), Cuyahoga App. No. 57661, reopening disallowed (May 26, 1994), Motion Nos. 43617, 42620, 42628 and 48243 (Slip op. At pg. 8) and State v. Jones (Sept. 25, 1997), Cuyahoga App. No. 71178, reopening disallowed (Mar. 24, 1998), Motion No. 90600.
 {¶ 17} Mr. Krzywkowski's final contention is that appellate counsel should have federalized all of the assignments of error and supported them with certain federal cases. This court has already ruled that because the Supreme Court of Ohio rejected this argument when Mr. Krzywkowski sought to appeal this case further, res judicata specifically bars this argument. Additionally, the court notes that appellate counsel did federalize the first two assignments of error attacking "other bad acts" testimony and prosecutorial misconduct. Furthermore, appellate counsel is not deficient for failing to federalize every argument. Statev. Cummings (Oct. 17, 1996), Cuyahoga App. No. 69966, reopening disallowed (Mar. 26, 1998), Motion No. 69966 and State v. Lopez (May 13, 1999), Cuyahoga App. No. 74096, reopening disallowed (May 11, 2000), Motion No. 12480. Even Estelle v. McGuire (1991), 502 U.S. 62,112 S.Ct. 475, 116 L.Ed.2d 385, upon which Mr. Krzywkowski relies, indicates that federalizing every issue will not necessarily aid a criminal defendant.
 {¶ 18} Accordingly, this court denies the application to reopen.
DIANE KARPINSKI, J., and SEAN C. GALLAGHER, J., CONCUR.
[1] In February 2003 the Supreme Court of Ohio denied Mr. Krzywkowski's leave to appeal as not involving any substantial constitutional question.
[2] Massaro v. United States (Apr. 23, 2003), No. 01-1559, 538 U.S. ___, 71 U.S.L.W. 4310, does not prohibit Ohio from using res judicata (a procedural default) to deny App.R. 26(B) applications claiming ineffective assistance of appellate counsel. First, the Court did not invoke the Constitution in adopting the rule that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding * * * whether or not the petitioner could have raised the claim on direct appeal. The Court, rather, adopted the rule as the better position in resolving a conflict among the circuit courts. Additionally,Massaro concerns claims of ineffective assistance of trial counsel, rather than appellate counsel. A significant part of the Court's rationale was that the record on appeal is not a particularly useful tool for determining the effectiveness of trial counsel. That claim is better resolved on a specially prepared record. Such a consideration is not generally applicable to a claim of ineffective assistance of appellate counsel; the trial record and counsel's brief provide a solid foundation for evaluating the issue. Finally, this court in the present case reviewed the claim of ineffective assistance of appellate counsel on its merits.
[3] Mr. Krzywkowski tries to distinguish Terrell and Dehler by noting that this court denied the App.R. 26(B) applications by reviewing the issues raised on their merits and that the supreme court then affirmed for the reasons stated in the appellate opinions. However, before this court examined the merits, it first ruled that the applications were barred by res judicata because the issues presented were or could have been raised on the defendants' appeals to the Supreme Court of Ohio.