THE STATE OF OHIO, APPELLEE, *v.* COOEY, APPELLANT.

[Cite as *State v. Cooey,* 99 Ohio St.3d 345, 2003-Ohio-3914.]

(No. 2003–1239—Submitted July 22, 2003—Decided July 23, 2003.)

---

**Per Curiam.**

{¶ 1} Appellant, Richard Wade Cooey II, was convicted of the aggravated murders of Wendy Offredo and Dawn McCreery and sentenced to death. In 1987, the Court of Appeals for Summit County affirmed his convictions and death sentences. *State v. Cooey* (Dec. 23, 1987), Summit App. No. CA–12943, 1987 WL 31921. We affirmed that judgment. *State v. Cooey* (1989), 46 Ohio St.3d 20, 544 N.E.2d 895. Cooey's convictions and sentences have also survived state postconviction review and federal habeas corpus review. See *State v. Cooey* (May 25, 1994), Summit App. Nos. 15895 and 15966, 1994 WL 201009, appeal not allowed, *State v. Cooey* (1994), 70 Ohio St.3d 1465, 640 N.E.2d 527 (postconviction); *Cooey v. Coyle* (C.A.6, 2002), 289 F.3d 882 (habeas).

{¶ 2} On November 3, 1994, Cooey filed in the court of appeals an application to reopen his direct appeal under App.R. 26(B). He alleged that his appellate counsel had rendered ineffective assistance before the court of appeals by failing to raise certain issues during his 1987 appeal to that court. The court of appeals denied the application as untimely. We affirmed that judgment as well. *State v. Cooey* (1995), 73 Ohio St.3d 411, 653 N.E.2d 252.

{¶ 3} On May 7, 2003, we granted the state's motion to set an execution date and scheduled Cooey's execution for July 24, 2003. *State v. Cooey,* 98 Ohio St.3d 1560, 2003-Ohio-2242, 787 N.E.2d 1226.

{¶ 4} On July 10, 2003, Cooey filed a second application to reopen his direct appeal under App.R. 26(B). The court of appeals denied the application. *State v. Cooey* (July 17, 2003), Summit App. No. 12943. From the court of appeals' judgment, Cooey appeals as of right.

{¶ 5} We affirm the judgment of the court of appeals denying Cooey's second application for reopening. We have held that "[n]either App.R. 26(B) nor *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, provides a criminal

defendant the right to file second or successive applications for reopening." *State v. Williams,* 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 10, citing *State v. Richardson* (1996), 74 Ohio St.3d 235, 658 N.E.2d 273. See, also, *State v. Peeples* (1995), 73 Ohio St.3d 149, 150, 652 N.E.2d 717.

{¶ 6} Moreover, assuming that Cooey had a viable ineffective-assistance claim against his appellate counsel, he should have raised any such claim in his 1989 appeal to this court. See *State v. Gillard* (1999), 85 Ohio St.3d 363, 708 N.E.2d 708. In that proceeding, Cooey was represented by different counsel than those who had represented him before the court of appeals. Hence, there was no obstacle to his presenting to us any ineffective-appellate-assistance claim he may have had.

{¶ 7} Finally, Cooey's ineffective-appellate-assistance claims have already been addressed and rejected during his state postconviction proceedings and his federal habeas corpus litigation. In the postconviction proceedings, the court of appeals rejected, on their merits, claims of ineffective assistance of trial counsel that Cooey now argues should have been raised in his direct appeal. See *State v. Cooey* (May 25, 1994), Summit App. Nos. 15895 and 15966, 1994 WL 201009. In the habeas proceedings, the district court found that because the evidence of Cooey's guilt was overwhelming, Cooey could not show that his appellate counsel's performance was prejudicial under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See *Cooey v. Anderson* (N.D.Ohio 1997), 988 F.Supp. 1066, 1099–1100, affirmed, *Cooey v. Coyle,* supra.

{¶ 8} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

O'CONNOR, J., not participating.

---

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Phillip D. Bogdanoff, Assistant Prosecuting Attorney, for appellee.

Burdon & Merlitti and Nathan A. Ray; and Margery M. Koosed, for appellant.