JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, William Alvarez, appeals the decision of the trial court, which disallowed the withdrawal of his guilty plea. For the reasons which follow, we reverse the decision of the trial court and vacate the appellant's conviction and sentence.
 {¶ 2} Alvarez pleaded guilty to attempted escape, pursuant to R.C.2921.34 and R.C. 2923.02, a fourth-degree felony. Nine days after his guilty plea, but prior to sentencing, this court announced its decision in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478.[1]Thompson held that persons who fail to report for parole supervision cannot be found guilty of the crime of escape because of a conflict of the applicable statutes.
 {¶ 3} Thereupon, Alvarez attempted to withdraw his guilty plea, and a hearing on that motion was held by the trial court on December 12, 2002. The trial court denied the motion to withdraw, and Alvarez was sentenced to six months incarceration.
 {¶ 4} Appellant now presents one assignment of error for our review:
"The trial court erred in violation of Mr. Alvarez's due process rights under the fifth and fourteenth amendments to the united states constitution and article I, Section 10, to the ohio constitution and in violation of criminal rule 32.1 when it refused to allow withdrawal of the previously entered guilty plea prior to sentencing."
 {¶ 5} The standard of review to be employed in this case is abuse of discretion. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Lambros (1988), 44 Ohio App.3d 102, citingState v. Adams (1980), 62 Ohio St.2d 151, 157. A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, citingBarker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223; State v.Crayton (Sept. 4, 2003), Cuyahoga App. No. 81257. However, the decision to grant or deny such a motion is within the sound discretion of the trial court; a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521.
 {¶ 6} The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim, supra, at 214.
 {¶ 7} Admittedly, there exists a conflict in the current statutory scheme with regard to parole violators and the available sanctions for such infractions. Prior to July 1, 1996, R.C. 2967.15 specifically exempted parole violators from new charges of escape for their failure to comply with the terms of their parole. Upon the enactment of Senate Bill 2 ("S.B. 2"), R.C. 2921.01(E) was amended to make parolees liable for new charges of escape upon violations of certain terms of their parole. A conflict between statutes was thus created because R.C. 2967.15 was not amended with respect to the exemption of parolees until March 17, 1998.
 {¶ 8} However, even with that amendment, a conflict remained with regard to parolees who were convicted of crimes prior to July 1, 1996, but committed acts constituting escape while on parole prior to the amendment of R.C. 2967.15 in 1998. This dichotomy was addressed in Statev. Conyers (1999), 87 Ohio St.3d 246, which held that no parolees could be convicted of escape for such acts committed during the period of conflicting statutes (July 1, 1996 through March 17, 1998).
 {¶ 9} But what of acts of escape committed subsequent to the 1998 amendment by parolees who had been convicted for acts committed prior to July 1, 1996? This court considered that situation in State v. Thompson,
supra. In Thompson, we held that the applicable statutes contained conflicting requirements and were so ambiguous as to require them to be construed against the State. This court more recently considered a similar case in State v. Carpenter, Cuyahoga App. No. 82470, 2003-Ohio-4198. There, the trial court had dismissed the State's case where the defendant had been on parole for crimes committed on July 1, 1996, prior to the enactment of S.B. 2, and was subsequently indicted for escape in 2002 as a parole violator. The trial court's dismissal was upheld in Carpenter, which followed the Thompson decision regarding the status of parole violators. See, also, State v. Tuttle, Cuyahoga App. No. 80775, 2003-Ohio-419.
 {¶ 10} We find that appellant's situation is analogous to those of the appellants in Carpenter and Tuttle, and we will follow those decisions herein. Therefore, we find that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea in light of the prevailing case law.
 {¶ 11} Judgment reversed; appellant's conviction and sentence are vacated.
 {¶ 12} This cause is reversed and vacated and remanded to the lower court for further proceedings consistent with this opinion.
Patricia A. Blackmon, P.J., and Anthony O. Calabrese, Jr., J., concur.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] This case is currently pending before the Ohio Supreme Court inState of Ohio v. Thompson, 98 Ohio St.3d 1560, 2003-Ohio-2242.