[Cite as *State v. Davis*, 2011-Ohio-2001.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 05 MA 3 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JOURNAL ENTRY |
| JACK DAVIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Appellant's Motion to Reopen Appeal
Pursuant to App.R. 26

JUDGMENT: Motion Overruled.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Jack Davis, Pro se
#480-713
Marion Correctional Institution
P. O. Box 57
940 Marion-Williamsport Road
Marion, Ohio 43302

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: April 22, 2011

[Cite as *State v. Davis*, 2011-Ohio-2001.]
PER CURIAM.

{1} Appellant Jack Davis has filed a third application to reopen his appeal, citing as his authority App.R. 26(B). For the following reasons, the application is denied.

{2} According to App.R. 26(B)(1), a criminal defendant is entitled to file an application to reopen an appeal based on a claim of ineffective assistance of counsel.

{3} Appellant was convicted on two counts of gross sexual imposition and one count of rape in 2004 in the Mahoning County Court of Common Pleas. The court imposed a thirteen-year prison sentence. We upheld the conviction and sentence on March 23, 2007. *State v. Davis*, 7th Dist. No. 05 MA 3, 2007-Ohio-1397.

{4} Approximately seven months later, Appellant filed an application to reopen his appeal pursuant to App.R. 26(B)(1) on grounds of ineffective assistance of appellate counsel. We issued an opinion on the application on December 27, 2007. *State v. Davis*, 7th Dist. No. 05 MA 3, 2007-Ohio-7213. We determined that Appellant's application for reopening was not timely filed within 90 days as required by App.R. 26(B)(1). Id. at ¶5. We also held that the application must fail because it did not contain a sworn statement as to the basis of the claim that appellate counsel's representation was deficient, as required by App.R. 26(B)(2)(d). Id. at ¶9. Finally, we held that the application was barred because Appellant had an earlier opportunity to raise the issue of ineffective assistance of appellate counsel by filing an appeal with the Ohio Supreme Court, but had not done so. Id. at ¶10.

**{5}** Appellant filed a second application to reopen on March 14, 2008. This second application contained a sworn statement in an attempt to comply with App.R. 26(B)(2)(d), but did not address the remaining two deficiencies that arose from the first application to reopen. We overruled the application to reopen on September 5, 2008. *State v. Davis*, 7th Dist. No. 05 MA 3, 2008-Ohio-4515. We held that, as in the first application for reopening, it was not filed within 90 days of our Opinion upholding Appellant's conviction and sentence, and that there still was no indication that Appellant has filed an appeal with the Ohio Supreme Court. Id. at ¶4. Furthermore, we held that there is no right to file a second or successive application to reopen under App.R. 26(B). Id. at ¶5.

**{6}** Appellant has now filed a third application to reopen. Appellant has attached two affidavits, neither of which actually address any matter pertaining to the alleged deficient performance of appellate counsel. As in the previous two filings, Appellant does not address the fact that the application was filed after the time period allowed by App.R. 26(B)(1), or that Appellant never filed an appeal with the Ohio Supreme Court. We reiterate our previous holding that "a criminal defendant is not permitted to file a second [or successive] application for reopening." Id., citing *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380., 883 N.E.2d 289; see also, *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶12; *State v. Cooey*, 99 Ohio St.3d 345, 2003-Ohio-3914, 792 N.E.2d 720; *State v. Richardson* (1996), 74 Ohio St.3d 235, 658 N.E.2d 273. "[A] prisoner has no right to file successive applications for reopening. Once ineffective assistance of counsel has been raised

and adjudicated, res judicata bars its relitigation." *State v. Cheren* (1995), 73 Ohio St.3d 137, 138, 652 N.E.2d 707. See also *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E .2d 104.

**{7}** Appellant's Application for reopening is hereby denied.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.