THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as *State v. Williams,* 99 Ohio St.3d 179, 2003-Ohio-3079.]

(No. 2003–0657—Submitted June 4, 2003—Decided June 17, 2003.)

## Per Curiam.

{¶ 1} Appellant, Lewis Williams Jr., was convicted of the aggravated murder and aggravated robbery of Leoma Chmielewski and sentenced to death. Williams appealed, and the court of appeals affirmed his convictions and death sentence. *State v. Williams* (Oct. 25, 1984), Cuyahoga App. No. 47853, 1984 WL 5289. We also affirmed Williams's convictions and sentence. *State v. Williams* (1986), 23 Ohio St.3d 16, 23 OBR 13, 490 N.E.2d 906, certiorari denied, *Williams v. Ohio* (1987), 480 U.S. 923, 107 S.Ct. 1385, 94 L.Ed.2d 699.

{¶ 2} Following review of his direct appeals, Williams filed at least three separate petitions for state postconviction relief. The trial court dismissed these petitions, and Williams appealed. In each case, his appeal was unsuccessful. See *State v. Williams* (1991), 74 Ohio App.3d 686, 600 N.E.2d 298, discretionary appeal not allowed, *State v. Williams* (1991), 62 Ohio St.3d 1463, 580 N.E.2d 784; *State v. Williams* (Apr. 1, 1993), Cuyahoga App. No. 62066, 1993 WL 95548, discretionary appeal not allowed, *State v. Williams* (1993), 67 Ohio St.3d 1464, 619 N.E.2d 698; *State v. Williams* (Jan. 18, 1996), Cuyahoga App. No. 68613, 1996 WL 17333, discretionary appeal not allowed, *State v. Williams* (1996), 75 Ohio St.3d 1449, 663 N.E.2d 330.

{¶ 3} Williams also filed a motion for a delayed reopening of his original appeal, claiming ineffective assistance of appellate counsel pursuant to *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. The court of appeals dismissed the application for failure to show good cause to reopen pursuant to App.R. 26(B). *State v. Williams* (Mar. 22, 1995), Cuyahoga App. No. 47853, judgment affirmed, *State v. Williams* (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253.

{¶ 4} Following the exhaustion of state postconviction relief proceedings, Williams filed a habeas corpus petition in the United States District Court. The Sixth Circuit affirmed the district court's denial of Williams's petition. *Williams v. Coyle* (C.A.6, 2001), 260 F.3d 684, certiorari denied, (2002), 536 U.S. 947, 122 S.Ct. 2635, 153 L.Ed.2d 816.

{¶ 5} On October 16, 2002, the state filed a motion asking us to set a date for execution of Williams's sentence. On November 8, 2002, Williams filed a petition with the Cuyahoga County Court of Common Pleas to vacate his death sentence based on a claim of mental retardation pursuant to *Atkins v. Virginia* (2002), 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335. Thereafter, Williams asked us to stay execution of his death sentence pending disposition of his *Atkins* petition.

{¶ 6} On February 19, 2003, we granted the state's motion to set an execution date and denied Williams's motion for stay. *State v. Williams,* 98 Ohio St.3d 1457, 2003-Ohio-644, 783 N.E.2d 517. We then scheduled Williams's execution for April 16, 2003.

{¶ 7} On March 17, 2003, Williams filed a motion to stay the April 16 execution date of his death sentence to pursue his *Atkins* claim. On April 1, 2003, we granted Williams a stay and rescheduled his execution for June 24, 2003.

{¶ 8} Williams has now filed a pro se application in the Cuyahoga County Court of Appeals to reopen his direct appeal pursuant to App.R. 26(B) alleging, for the second time, ineffective assistance of his appellate counsel before that court. On March 31, 2003, the court of appeals, sua sponte, denied Williams's second application to reopen.

{¶ 9} This cause is now before the court upon an appeal as of right.

{¶ 10} We affirm the judgment of the court of appeals denying Williams's second application for reopening. Neither App.R. 26(B) nor *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, provides a criminal defendant the right to file second or successive applications for reopening. *State v. Richardson* (1996), 74 Ohio St.3d 235, 658 N.E.2d 273. "Once ineffective assistance of counsel has been raised and adjudicated, *res judicata* bars its relitigation." *State v. Cheren* (1995), 73 Ohio St.3d 137, 138, 652 N.E.2d 707; *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. We have already disposed of claims by Williams that his appellate counsel were ineffective. See *State v. Williams* (Mar. 22, 1995), Cuyahoga App. No. 47853, judgment affirmed, *State v. Williams* (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253.

{¶ 11} Additionally, Williams has filed a motion for a stay of execution of his death sentence pending disposition of this appeal, an amended motion for stay, a request for appointment of counsel, a motion to supplement the record, and a "motion in limine for discovery and evidentiary hearing."

{¶ 12} As there is no right to file successive applications for reopening, there is no corresponding right to the appointment of counsel to pursue such claims. See *State v. Carter* (2001), 93 Ohio St.3d 581, 582, 757 N.E.2d 362. Williams's request for appointment of counsel is therefore denied. In view of our disposition of this appeal, Williams's other motions are also denied.

Judgment affirmed
and motions denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellee.

Lewis Williams Jr., pro se.