THE STATE OF OHIO, APPELLEE, *v.* TWYFORD, APPELLANT.

[Cite as *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380.]

(No. 2005–0291—Submitted July 26, 2005—Decided September 7, 2005.)

---

**Per Curiam.**

{¶ 1} Appellant, Raymond A. Twyford III, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Twyford was tried and convicted in Jefferson County for the 1992 kidnapping and murder of Richard Franks. Twyford was sentenced to death for the murder, and the court of appeals affirmed his convictions and death sentence in 1995. *State v. Twyford* (Oct. 6, 1995), Jefferson App. No. 93–J–13, 1995 WL 591905.

{¶ 3} Twyford then filed an application to reopen his appeal in the court of appeals under App.R. 26(B), alleging that he did not receive effective assistance of appellate counsel in that court. The court of appeals granted the application in December 1996, and Twyford presented 25 new assignments of error in the court of appeals. After fully reviewing the parties' appellate briefs in the reopened appeal, the court of appeals again affirmed Twyford's convictions and death sentence. *State v. Twyford* (Sept. 25, 1998), Jefferson App. No. 93–J–13, 1998 WL 671382. We affirmed the appellate court's judgment. *State v. Twyford* (2002), 94 Ohio St.3d 340, 763 N.E.2d 122.

{¶ 4} On June 28, 2004, Twyford filed a second application to reopen his appeal in the court of appeals under App.R. 26(B), again alleging that he did not receive effective assistance of appellate counsel in that court. The court of appeals denied the application in December 2004, explaining that Twyford was not entitled to file a second application for reopening under App.R. 26(B).

{¶ 5} Twyford has now filed a timely appeal as of right.

{¶ 6} We affirm the judgment of the court of appeals. First, "there is no right to file successive applications for reopening" under App.R. 26(B). *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 12. Twyford filed

an App.R. 26(B) application in the court of appeals in 1996. He has no right under the rule to raise his ineffective-assistance claim again now. " 'Once ineffective assistance of counsel has been raised and adjudicated, *res judicata* bars its relitigation.' " Id., at ¶ 10, quoting *State v. Cheren* (1995), 73 Ohio St.3d 137, 138, 652 N.E.2d 707. See, also, *State v. Cooey,* 99 Ohio St.3d 345, 2003-Ohio-3914, 792 N.E.2d 720, ¶ 5, quoting *Williams,* 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 10 (" 'Neither App.R. 26(B) nor *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, provides a criminal defendant the right to file second or successive applications for reopening' ").

{¶ 7} Second, Twyford has not complied with App.R. 26(B)(1), which states, "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Twyford waited more than five years before filing his application.

{¶ 8} Twyford argues that he had good cause for missing the 90–day deadline set by the rule, claiming that he had a "constitutional right to appointed counsel to prepare and file" an application for reopening, and none was appointed for him in the court of appeals. Yet as we have explained, an App.R. 26(B) application for reopening is a "collateral postconviction remedy," and the state "has no constitutional obligation * * * to provide counsel to those defendants who file applications under that rule." *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 25, ¶ 22. We therefore reject Twyford's claim that his inability to secure further appellate representation in the court of appeals gave him good cause to miss the 90–day deadline in App.R. 26(B) after the court of appeals issued its second decision in September 1998.

{¶ 9} And Twyford himself cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90–day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Twyford offers no sound reason why he could not comply with that fundamental aspect of the rule.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Thomas R. Straus, Jefferson County Prosecuting Attorney, for appellee.

Raymond A. Twyford, pro se.