JOURNAL ENTRY AND OPINION
{¶ 1} Manuel A. Garcia has filed an application for reopening pursuant to App.R. 26(B). Garcia is attempting to reopen the appellate judgment that was rendered by this court in State v.Garcia (July 8, 1999), Cuyahoga App. No. 74427. We decline to reopen Garcia's original appeal.
 {¶ 2} As required by App.R. 26(B)(2)(b), Garcia must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. The Supreme Court of Ohio, with regard to the ninety day deadline as provided by App.R. 26(B)(2)(b), has established that:
We now reject those arguments, just as did the court of appeals earlier this year. The rule and its 90-day deadline were firmly established and regularly followed in Ohio's courts by the time LaMar's appeal as of right was decided by the court of appeals in August 1998, and the same remains true today. Ohio and otherstates "may erect reasonable procedural requirements fortriggering the right to an adjudication," Logan v. ZimmermanBrush Co. (1982), 455 U.S. 422, 437, 102 St. Ct. 1148,71 L.Ed. 2d 265, and that is what Ohio has done by creating a 90-daydeadline for the filing of his application to reopen.
 LaMar could have retained new attorneys after the court ofappeals issued its decision, or he could have filed theapplication on his own. What he could not do was ignore therule's filing deadline. * * * The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead (1996),74 Ohio St.3d 277, 278, 1996-Ohio-52, 658 N.E.2d 722, and Lamar offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamentalaspect of the rule. (Emphasis added.)
State v. Lamar, 102 Ohio St.3d 467, 2004 Ohio 3976,812 N.E.2d 970, at 468.
 {¶ 3} See, also, State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. Cooey,73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; State v. Reddick,72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. Herein, Garcia is attempting to reopen the appellate judgment that was journalized on July 19, 1999. The application for reopening was not filed until April 21, 2005, more than ninety days after journalization of the appellate judgement in State v. Garcia, supra. Garcia has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v.Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994),69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317.
 {¶ 4} Accordingly, the application for reopening is denied.
ANN DYKE, P.J., CONCURS, SEAN C. GALLAGHER, J., CONCURS