JOURNAL ENTRY AND OPINION
On June 19, 2003, Rolling filed a motion for delayed appeal, pro se, in State v. Rolling, Cuyahoga App. No. 83051. Rolling was attempting to appeal his plea of guilty to the offense of murder and the resulting sentence of fifteen years to life of incarceration, as imposed inState v. Rolling, Cuyahoga County Court of Common Pleas Case No. CR-421317. On July 15, 2003, this court denied Rolling's motion for a delayed appeal. Rolling filed his application for reopening, pursuant to App.R. 26(B), on March 19, 2006. For the following reasons, we deny the application for reopening.
Initially, we find that Rolling has failed to timely file his application for reopening. App.R. 26(B)(2)(b) requires that Rolling establish "a showing of good *Page 3 
cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has recently established that:
 We now reject Gumm's claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before Gumm's appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
 Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," Logan v. Zimmerman Brush Co. (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. Gumm could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * * * The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Gumm offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.
(Emphasis added.)
State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See, also, State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976,812 N.E.2d 970; State v. Cooey, 73 Ohio St.3d 411, 1995-Ohio-328,653 N.E.2d 252; State v. Reddick, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784. *Page 4 
Herein, Rolling is attempting to reopen the judgment that was journalized on July 15, 2003. The application for reopening was not filed until March 19, 2007, more than 90 days after journalization of the judgment which denied Rolling a delayed appeal. Rolling has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317. See, also, State v. Gaston, Cuyahoga App. No. 79626,2007-Ohio-155; State v. Torres, Cuyahoga App. No. 86530, 2007-Ohio-9.
In addition, App.R. 26(B) is not applicable to the facts pertinent to Rolling's appeal. No appellate judgment, which reviewed Rolling's plea of guilty and sentence of incarceration, has been announced and journalized by this court. Thus, we are prevented from considering Rolling's application for reopening as brought pursuant to App.R. 26(B).State v. Skaggs (May 12, 1999), Cuyahoga App. No. 76301, reopening disallowed (Sept. 21, 1999), Motion No. 7505. See, also, State v.Loomer (1996), 76 Ohio St.3d 398; State v. Halliwell (Jan 29, 1999), Cuyahoga App. No. 70369, reopening disallowed (Jan 29, 1999), Motion No. 00187; *Page 5 State v. Fields (Feb. 29, 1996), Cuyahoga App. No. 68906, reopening disallowed (Sep. 5, 1997), Motion No. 84867; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (May 7, 1997), Motion No. 82993.
Finally, Rolling has filed a motion to withdraw his plea of guilty, which remains pending with the trial court. Rolling may still avail himself of the right to an appeal, should the trial render an adverse ruling with regard to the pending motion to withdraw his plea of guilty.
Accordingly, we deny the application for reopening.
 SEAN C. GALLAGHER, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR. *Page 1