JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Young, Cuyahoga County Court of Common Pleas Case No. CR-329277, applicant, Jerry L. Young, was convicted of murder and having a weapon while under disability. This court affirmed that judgment in State v. Young (Apr. 12, 2001), Cuyahoga App. No. 78058. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Young, 93 Ohio St.3d 1413, 754 N.E.2d 260,2001-Ohio-4616.
 {¶ 2} Young filed an application for reopening on September 2, 2003. This court denied the application in State v. Young (Apr. 12, 2001), Cuyahoga App. No. 78058, reopening disallowed (Apr. 6, 2004), Motion No. 352099. The Supreme Court did not accept Young's appeal of the denial of reopening for review. State v. Young, 102 Ohio St.3d 1534,2004-Ohio-3580, 811 N.E.2d 1152.
 {¶ 3} Young filed with the clerk of this court a second application for reopening. He asserts that he was denied the effective assistance of appellate counsel because the trial court's questioning of witnesses violated his right to a fair trial. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} As noted above, Young previously filed an application for reopening, which this court denied. In State v. Twyford,106 Ohio St.3d 176,2005-Ohio-4380,833 N.E.2d 289, the court of appeals denied Twyford's second application for reopening because he "was not entitled to file a second application for reopening *Page 4 
under App.R. 26(B)." Id. at ¶ 4. In affirming the court of appeals, the Supreme Court held that res judicata barred Twyford's second application for reopening. "`[T] there is no right to file successive applications for reopening' under App.R. 26(B). State v. Williams, 99 Ohio St.3d 179,2003-Ohio-3079, 790 N.E.2d 299, Tf12." Id. at ¶ 6. In this case, we must hold, therefore, that Young had no right to file a second application for reopening and deny the application filed on October 11, 2007.
 {¶ 5} We also note that Young has not supported the application with an affidavit averring grounds for reopening. "* * * App.R. 26(B) (2) (d) requires a `sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *.' The failure to provide the required sworn statement is also a sufficient basis to deny the application. In State v. Lechner (1995),72 Ohio St.3d 374, 650 N.E.2d 449, the Ohio Supreme Court ruled that the sworn statement is mandatory and upheld the denial of an application because that sworn statement was missing. See, also, State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186 and State v. Parker (Nov. 24, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 91891." State v. Phillips (Dec. 28, 2001), Cuyahoga App. No. 79192, reopening disallowed (Mar. 8, 2002), Motion No. 35540, at 2-3. Likewise, we must deny this application as well.
 {¶ 6} Additionally, App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate *Page 5 
judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 7} This court's decision affirming applicant's conviction was journalized on May 24, 2001. The second application for reopening was filed on October 11, 2007, clearly in excess of the ninety-day limit.
 {¶ 8} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Young failed to demonstrate good cause for failing to file a timely application.
 {¶ 9} Young has not attempted to provide this court with any basis for concluding that he had good cause for the untimely filing of this second application for reopening. His failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also:State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916. As a consequence, Young has not met the standard for reopening. *Page 6 
 {¶ 10} Accordingly, the application for reopening is denied.
 FRANK D. CELEBREZZE, JR., A.J., and ANN DYKE, J., CONCUR *Page 1