JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In State v. Fannin,[1] applicant Glen Fannin, was convicted of possession of drugs[2], preparation of drugs for sale[3] with a juvenile specification and possession of criminal tools.[4] This court affirmed that judgment.[5] The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[6]
 {¶ 2} Fannin has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel — who also represented Fannin before the trial court and in his direct appeal to the Supreme Court of Ohio — did not assign as error on direct appeal counsel's "failure to file an affidavit of disqualification prior to commencement of case no. CR-405055 * * *."[7] We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant *Page 4 
shows good cause for filing at a later time."[8] An application for reopening must also include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."[9]
 {¶ 4} This court's decision affirming applicant's conviction was journalized on September 5, 2002. The application was filed on December 7, 2007, clearly in excess of the ninety-day limit. The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time."[10] We need not, therefore, examine the merits of this application if Fannin failed to demonstrate good cause for failing to file a timely application.
 {¶ 5} Fannin acknowledges that his application is "untimely filed."[11] He contends that his appellate counsel's "failure to file the proper affidavits to disqualify himself and the proper affidavit to disqualify the trial court judge * * * hindered defendant in filing a timely application."[12] This court has rejected the excuse that "the untimely filing of [an] application for reopening was primarily caused by the *Page 5 
ineffective assistance of appellate counsel * * *."[13] Fannin's contention that his appellate counsel's purported deficiency and his implicit reliance on counsel do not provide a basis for establishing good cause for the untimely filing of the application for reopening.
 {¶ 6} Fannin's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.[14] Additionally, Fannin's failure to support his application with a sworn statement requires that we deny the application.[15] Similarly, as mentioned above, the same counsel represented Fannin in the trial court and before this court. Fannin asserts that his appellate counsel was deficient because he did not raise on direct appeal that he did not file an affidavit of disqualification in the court of common pleas. It is well-established that appellate counsel is not expected to assign as error his or her own purported ineffectiveness as trial counsel.[16] As a consequence, applicant has not met the standard for reopening.
 {¶ 7} Accordingly, the application for reopening is denied. *Page 6 
PATRICIA A. BLACKMON, JUDGE
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., CONCUR
[1] Cuyahoga County Court of Common Pleas Case No. CR-405055.
[2] R.C. 2925.11.
[3] R.C. 2925.07.
[4] R.C. 2923.24.
[5] State v. Fannin, Cuyahoga App. No. 80014, 2002-Ohio-4180.
[6] State v. Fannin, 98 Ohio St.3d 1412, 2003-Ohio-60781 N.E.2d 1020.
[7] Memorandum in Support of Application, at 2.
[8] App.R. 26(B)(1).
[9] App.R. 26(B)(2)(b).
[10] App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970.
[11] Application, "Errors" page.
[12] Id.
[13] State v. Tomlinson, Cuyahoga App. No. 83411, 2004-Ohio-3295, reopening disallowed, 2005-Ohio-5844, Motion No. 374285, at]}4, citingState v. Rios (1991), 75 Ohio App.3d 288, 599 N.E.2d 374, reopening disallowed (Sept. 18, 1995), Motion No. 66129. In Tomlinson, the grounds asserted for good cause included applicant's assertion that "appellate counsel negligently failed to raise meritorious issues."Tomlinson, at ¶ 2.
[14] See State v. Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No. 370333; State v.Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed2005-Ohio-5796, Motion No. 370916.
[15] State v. Young (Apr. 12, 2001), Cuyahoga App. No. 78058, reopening disallowed, 2007-Ohio-6481, Motion No. 401881, ¶ 5.
[16] State v. Nero, Cuyahoga App. No. 47782, 2002-Ohio-656, reopening disallowed, 2003-Ohio-268, Motion No. 343053, at ¶ 19. *Page 1