[Cite as *State v. Thomas*, 2011-Ohio-6070.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94042**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID T. THOMAS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**APPLICATION DENIED**

---

Cuyahoga County Common Pleas Court
Case No.CR-520343
Application for Reopening
Motion No. 448626

**RELEASE DATE:** November 21, 2011

**FOR APPELLANT**

David T. Thomas, pro se
Inmate No. 573-140
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Brian R. Radigan
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

{¶ 1} In *State v. Thomas*, Cuyahoga County Court of Common Pleas Case No. CR-520343, applicant was convicted of reckless homicide, tampering with evidence, and having a weapon while under disability. This court affirmed that judgment in *State v. Thomas*, Cuyahoga App. No. 94042, 2010-Ohio-5237. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *State v. Thomas*, ___ Ohio St.3d ___, Case Announcements, 2011-Ohio-647.

{¶ 2} Applicant, David T. Thomas, has filed with the clerk of this court an application

for reopening. He asserts that he was denied the effective assistance of appellate counsel because counsel did not assign as error that he was convicted of allied offenses of similar import. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."

{¶ 4} This court's decision affirming Thomas's conviction was journalized on October 28, 2010. The application was filed on October 18, 2011, clearly in excess of the 90-day limit.

{¶ 5} Thomas argues, however, that he has good cause for the delay. He observes that he filed a timely appeal to the Supreme Court of Ohio of this court's judgment affirming his conviction. "* * * Appellant believes that he would not have been able to bring his appeal to the Supreme Court for purposes of Delayed appeal if he choose [sic] to first, file his reopening to this Court. Appellant further submits, that although this Court perhaps, would have had original jurisdiction, however, S. Ct. Prac. Rules would foreclose the 90 day limit set forth in App.R. 26(B), and therefore, establishes the 'good cause' as 'a legally sufficient

reason' pursuant to App.R. 26(B)(2)(b)." Application, at 1-2 (capitalization in original).

{¶ 6} In *State v. Keith*, 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912, the supreme court affirmed the denial of Keith's application for reopening as untimely and observed: "(The court of appeals retained jurisdiction to consider Keith's App.R. 26(B) application, even though he had appealed to this court. See S.Ct.Prac.R. II(2)(D)(1), effective April 1, 1996. Thus, the pendency of Keith's appeal to this court did not toll the time for filing his application in the court of appeals.)" Id. ¶5 (parentheses in original) [S.Ct.Prac.R. II(2)(D)(1) is now S.Ct. Prac. R. 2.2(D)(1)].

{¶ 7} Likewise, in this case, the 90-day limit for filing an application for reopening applied to Thomas even though he had filed a timely appeal to the supreme court. As a consequence, he has not established good cause for the untimely filing of his application for reopening.

{¶ 8} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. An applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See, also, *State v. Collier* (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed 2005-Ohio-5797, Motion No.

370333; *State v. Garcia* (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.

{¶ 9} We also note that the application for reopening is not supported by a sworn statement of the basis of the claim for ineffective assistance of appellate counsel as required by App.R. 26(B)(2)(d). "In *State v. Lechner*, 72 Ohio St.3d 374, 1995-Ohio-25, 650 N.E.2d 449, the Ohio Supreme Court affirmed the denial of Lechner's application solely on the basis of his failure to comply with App.R. 26(B)(2)(d). The Ohio Supreme Court ruled that the inclusion of the sworn statement is mandatory. Thus, its omission is sufficient reason to deny the application." *State v. Fortson*, Cuyahoga App. No. 92337, 2010-Ohio-2337, reopening disallowed, 2011-Ohio-698, ¶2. Likewise, the failure of Thomas to support his application with a sworn statement provides an additional ground for denying the application for reopening.

{¶ 10} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.

EILEEN A. GALLAGHER, JUDGE.,

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR