[Cite as *State v. Bartoe*, 2012-Ohio-154.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95286**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JACOB BARTOE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**APPLICATION DENIED**

---

Cuyahoga County Common Pleas Court
Case No.CR-529964
Application for Reopening
Motion No. 446562

**RELEASE DATE:** January 17, 2012

**FOR APPELLANT**

Jacob Bartoe
Inmate No. 584382
North Central Correctional Inst.
P. O. Box 1812
Marion, Ohio 43302

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Daniel T. Van
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, OH 44113

MARY EILEEN KILBANE, P.J.:

{¶ 1} In *State v. Bartoe*, Cuyahoga County Court of Common Pleas Case No. CR-529964, applicant, Jacob Bartoe, was convicted of two counts of aggravated robbery and two counts of kidnapping, each with firearm and forfeiture specifications.  For the purpose of sentencing, the state elected to go forward on one count of aggravated robbery.  This court affirmed that judgment in *State v. Bartoe*, 8th Dist. No. 95286, 2011-Ohio-2521.

{¶ 2} Although Bartoe argues that there is good cause for the untimely filing of his application, he has filed with the clerk of this court a *timely* application for reopening.  We deny the application for reopening.  As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Bartoe's application does not contain "[o]ne or more assignments

of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation" as required by App.R. 26(B)(2)(c). It is well established that the failure to state assignments of error is a sufficient ground for denying an application for reopening. *See, e.g., State v. Fryerson*, 8th Dist. No. 91960, 2009-Ohio-4227, reopening disallowed, 2010-Ohio-1852, ¶ 8.

**{¶ 4}** Additionally, Bartoe did not support his application with a sworn statement as required by App.R. 26(B)(2)(d). The failure to support an application for reopening with a sworn statement is a ground for denying the application. *See, e.g., State v. Thomas*, 8th Dist. No. 94042, 2010-Ohio-5237, reopening disallowed, 2011-Ohio-6070.

**{¶ 5}** As a consequence, Bartoe has not met the standard for reopening. Accordingly, the application for reopening is denied.


MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, A.J., AND
EILEEN A. GALLAGHER, J., CONCUR