[Cite as *State v. Saunders*, 2012-Ohio-4586.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96643

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NATHANIEL SAUNDERS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case Nos. CR-536994, CR-541910 and CR-543492
Application for Reopening
Motion No. 454120

**RELEASE DATE:**     October 2, 2012

**ATTORNEY FOR APPELLANT**

Michael J. Gordillo
Gordillo & Gordillo, LLC
1370 Ontario Street, Suite 2000
Cleveland, Ohio 44113

Nathaniel D. Saunders, Pro Se
Inmate #600-737
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Vincent I. Pacetti
James M. Price
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} In *State v. Saunders*, Cuyahoga C.P. Nos. CR-536994, CR-541910, and CR-543492, applicant, Nathaniel Saunders, pled guilty to and was convicted of two counts of robbery, assault, and attempted escape. This court affirmed the judgment in Case No. CR-536994 (two counts of robbery) and dismissed as untimely the appeals from Case Nos. CR-541910 and CR-543492 in *State v. Saunders*, 8th Dist. No. 96643, 2012-Ohio-104. The Supreme Court of Ohio denied Saunders's motion for delayed appeal. *State v. Saunders*, 132 Ohio St.3d 1408, 2012-Ohio-2454, 968 N.E.2d 491.

{¶2} Saunders has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because the notices of appeal in two of the underlying cases were not timely filed. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Saunders has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an

applicant.

> In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal. *Id*. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application.

**{¶4}** Saunders initially filed his application on February 28, 2012. The state correctly observes, however, that the application does not contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). The absence of assignments of error is dispositive. "It is well established that the failure to state assignments of error is a sufficient ground for denying an application for reopening. See, e.g., *State v. Fryerson*, 8th Dist. No. 91960, 2009-Ohio-4227, reopening disallowed, 2010-Ohio-1852, ¶ 8." *State v. Bartoe*, 8th Dist. No. 95286, 2012-Ohio-154, ¶ 3.

**{¶5}** Although Saunders does not formally assert an assignment of error, he does argue that he was denied the effective assistance of appellate counsel because appellate counsel did not file timely notices of appeal in Case Nos. CR-CR-541910 and CR-543492.

We take judicial notice,[1] however, that Saunders filed an appeal from Case Nos. CR-541910 and CR-543492, 8th Dist. No. 98379. This court granted Saunders's motion for leave to file delayed appeal in 8th Dist. No. 98379 and that appeal remains pending. The application for reopening filed on February 28, 2012, is, therefore, moot.

{¶6} Saunders also filed an application for reopening in this appeal on April 12, 2012. "'[T]here is no right to file successive applications for reopening' under App.R. 26(B). *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 12." *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 6. As a consequence, we must deny Saunders's second application for reopening.

{¶7} We also note that, in his first proposed assignment of error in the second application, Saunders asserts that his appellate counsel was ineffective because he did not file timely notices of appeal in Case Nos. CR-541910 and CR-543492. As has been discussed above, that assignment of error does not provide a basis for reopening.

{¶8} Likewise, in his second proposed assignment of error, Saunders contends that his counsel was ineffective because counsel did not communicate with Saunders regarding his appeal. Reliance on matters outside the record — i.e., the extent of communication between counsel and Saunders — does not provide a basis for reopening. *See, e.g.*, *State v. Alsip*, 8th Dist. No. 93105, 2011-Ohio-303 (reliance on matters outside the record when the record does not reflect communication with appellate counsel does not provide a basis

---

[1] *See State ex rel. Nelson v. Russo*, 89 Ohio St.3d 277, 2000-Ohio-141, 729 N.E.2d 1181 (extrinsic evidence outside the record may prove that a case is moot).

for reopening).

{¶9} Accordingly, the application for reopening is denied.

 

 

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
SEAN C. GALLAGHER, J., CONCUR