[Cite as *State v. Rolling*, 2014-Ohio-4373.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

_____

## JOURNAL ENTRY AND OPINION
### No. 83051

_____

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## MICHAEL ROLLING

### DEFENDANT-APPELLANT

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

### JUDGMENT:
## APPLICATION DENIED

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Cuyahoga County Court of Common Pleas
Case No. CR-02-421317-ZA
Application for Reopening
Motion No. 476390

**RELEASE DATE:** September 30, 2014

**FOR APPELLANT**

Michael Rolling, pro se
Inmate No. 443-440
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}**  Applicant, Michael Rolling, has filed a second application to reopen the instant appeal. In this matter, Rolling filed a motion for delayed appeal, which was denied.  Rolling previously filed an application for reopening, which was denied by *State v. Rolling*, 8th Dist. Cuyahoga No. 83051, 2007-Ohio-2635, motion No. 394817 ("*Rolling I*"), because the application was untimely and because App.R. 26(B) is inapplicable where no appellate judgment is announced or journalized.  Alternatively, Rolling moves this court for delayed reconsideration of either this court's denial of his motion for delayed appeal or the dismissal of his original appeal in *State v. Rolling*, 8th Dist. Cuyahoga No. 82526.  The state has not responded to Rolling's application.  For the reasons that follow, we deny the application for reopening and the request for delayed reconsideration.

**{¶2}** The reasons for denying the application set forth in *Rolling I* still apply. There has been no appellate judgment announced or journalized because Rolling's motion for leave to file a delayed appeal was denied.  Likewise, there was no appellate judgment rendered in *State v. Rolling*, 8th Dist. Cuyahoga No. 82526, which was also dismissed for failure to file the record.  Further, the Ohio Supreme Court has established that "'there is no right to file successive applications for reopening' under App.R. 26(B)."  *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 6, quoting *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 12.

{¶3} Additionally, the application is untimely. Even if App.R. 26(B) could be applied to an appeal that was dismissed without a decision, this application is well beyond the 90-day time limit established by the rule. Rolling offers no good cause for failing to bring a timely application.

{¶4} Finally, Rolling's only proffered basis for seeking reopening is that counsel's alleged failure to perfect a timely appeal deprived him of his ability to challenge the constitutionality of his guilty plea. This claim is barred by res judicata. This court has addressed the validity of Rolling's guilty plea in *State v. Rolling*, 8th Dist. Cuyahoga No. 95473, 2011-Ohio-121. Accordingly, even if we were to consider a delayed motion for reconsideration of the dismissal of the appeal, it would be pointless to reopen it where the only potential error that Rolling has identified is barred by res judicata.

{¶5} The application for reopening is denied.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR