[Cite as *State v. Dudas*, 2023-Ohio-366.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110573 |
| MICHAEL DUDAS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 7, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650250-A
Application for Reopening
Motion No. 559063

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Van, Assistant Prosecuting Attorney, *for appellee*.

Michael Dudas, *pro se*.

EILEEN A. GALLAGHER, J.:

**{¶ 1}** Michael Dudas has filed a second application for reopening pursuant to App.R. 26(B). Dudas is once again attempting to reopen the appellate judgment rendered in *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2022-Ohio-931, that

affirmed his plea of guilty and sentence for the offenses of aggravated murder, aggravated robbery, and misuse of a credit card imposed in *State v. Dudas*, Cuyahoga C.P. No. CR-20-650250-A. We decline to reopen Dudas' appeal because the second application for reopening is untimely filed as required by App.R. 26(B)(1) and there exists no right to file a second application for reopening.

{¶ 2} The appellate judgment, subject to the application for reopening, was journalized on March 24, 2022. Dudas' first App.R. 26(B) application for reopening was filed on June 28, 2022, and the second application for reopening was filed on October 19, 2022. Both applications for reopening were filed beyond the 90- day period for the filing of a timely application for reopening as required by App.R. 26(B)(1).

{¶ 3} App.R. 26(B)(2)(b) requires that Dudas establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment" that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has established that

> [w]e now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982),

and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * *The 90-day requirement in the rule is "applicable to all appellants," State v. Winstead, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996), and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.*

(Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. *See also State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio St.3d 411, 653 N.E.2d 252 (1995); *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995).

{¶ 4} Herein, Dudas is once again attempting to reopen the appellate judgment that was journalized on March 24, 2022. The second application for reopening was filed on October 19, 2022, more than 90 days after journalization of the appellate judgment in *Dudas*, *supra*. Dudas has argued the delay in filing his first and second applications for reopening, beyond the 90-day period for timely filing, was the result of a delay in the prison mail system. This court, however, has established that any delay associated or caused by a prison mail delivery system does not establish good cause for the untimely filing of an application for reopening. *State v. Black*, 8th Dist. Cuyahoga No. 108001, 2020-Ohio-3278; *State v. Campbell*, 8th Dist. Cuyahoga No. 105488, 2018-Ohio-3494; *State v. Harris*, 8th Dist. Cuyahoga No. 104329, 2018-Ohio-839.

{¶ 5} Of greater significance is the fact that Dudas is not permitted to file a second application for reopening. *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289. There exists no right to file successive applications for

reopening under App.R. 26(B). *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299; *State v. Richardson*, 74 Ohio St.3d 235, 658 N.E.2d 273 (1996); *State v. Cheren*, 73 Ohio St.3d 137, 138, 652 N.E.2d 707 (1995).

{¶ 6} Accordingly, the second application for reopening is denied.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR