[Cite as *State v. Meadows*, 2023-Ohio-3469.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111950 |
| v. | : | |
| REGINALD MEADOWS, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 26, 2023

---

Cuyahoga County Court of Common Pleas
Case No. CR-21-666153-A
Application for Reopening
Motion Nos. 567129 and 567198

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alan Dowling, Assistant Prosecuting Attorney, *for appellee.*

Reginald Meadows, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Applicant, Reginald Meadows, seeks to reopen his appeal in *State v. Meadows*, 8th Dist. Cuyahoga No. 111950, 2023-Ohio-1572. Meadows claims that appellate counsel was ineffective for not arguing that the convictions should be

vacated because, during the plea colloquy, Meadows was unaware of the mandatory consecutive service of any sentence imposed for failure to comply with an order or signal of a police officer. However, because the application was not timely filed and Meadows does not establish good cause to excuse the delay, the application is denied.

## I. Facts and Procedural History

**{¶ 2}** In September 2021, Meadows was involved in a high-speed police pursuit that resulted in injuries to bystanders. He was indicted with nine counts related to the incident, and Meadows pled guilty to six of those counts. The trial court imposed an aggregate 92-month prison sentence, and Meadows appealed. Appointed appellate counsel filed a brief that argued two assignments of error:

> I. [Appellant's] guilty pleas were not entered knowingly, intelligently, or voluntarily because the trial court's participation in the plea bargaining process undermined the voluntariness of the pleas.

> II. The trial court erred when it overruled defense counsel's objection to the playing of the dashcam video at the sentencing hearing.

In an opinion journalized on May 11, 2023, this court overruled the assigned errors and affirmed the convictions. *Meadows* at ¶ 29.

**{¶ 3}** On August 23, 2023, 104 days after the appellate decision was journalized, Meadows filed an application for reopening. There, Meadows alleged that appellate counsel was ineffective because counsel failed to challenge the knowing, intelligent, and voluntary nature of the guilty pleas Meadows entered because the trial court failed to explain the mandatory consecutive nature of a sentence imposed for a charge of failure to comply with the order or signal of a police

officer. Meadows alleged that the trial court stated that the sentence could be imposed consecutively, but not that the trial court was required to do so.

{¶ 4} On August 25, 2023, an identical copy of the application for reopening was docketed. This copy was likely meant as a copy provided for service of the application to the state and submitted to the court in compliance with App.R. 26(B)(3), which requires an applicant to provide a service copy of the motion. However, delays in the mailing or delivery of the copy resulted in the docketing of the filings as a separate application. The docket also notes that the clerk caused a copy of the August 23, 2023 filing to be sent to the Cuyahoga County prosecutor's office the same day that it was filed. In an abundance of caution and to the extent that this filing constitutes a separate application for reopening, it is denied because only one application for reopening is permitted pursuant to App.R. 26(B). *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 6.

{¶ 5} The state timely opposed the application, pointing out that it was untimely without a showing of good cause and arguing that it should fail on the merits.

## II. Law and Analysis

### A. Untimely Application Without a Showing of Good Cause

{¶ 6} App.R. 26(B) codifies and further defines the process by which a criminal defendant may raise a claim of ineffective assistance of appellate counsel announced in *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992). The rule provides that claims of ineffective assistance of appellate counsel must be

brought within 90 days of the date that the appellate decision is journalized. App.R. 26(B)(1). If the application is not filed within that time, the applicant is required to show good cause to excuse the delay. App.R. 26(B)(2)(b). Where an untimely application fails to address the delay or fails to establish good cause to excuse the delay, it must be denied. *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995); *State v. Mason*, 90 Ohio St.3d 66, 734 N.E.2d 822 (2000); and *State v. Dudas*, 8th Dist. Cuyahoga No. 110573, 2023-Ohio-366, ¶ 2-3.

{¶ 7} The present application for reopening fails to address the fact that it was filed more than 90 days from the journalization of the appellate decision and fails to explain or advance any reason to excuse the delay. Therefore, it must be denied. *See State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7; *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

{¶ 8} The application for reopening is denied.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EMANUELLA D. GROVES, J., CONCUR