[Cite as *State v. Lenhart*, 2024-Ohio-462.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 74332 |
| v. | : | |
| CHRISTOPHER LENHART, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 6, 2024

Cuyahoga County Court of Common Pleas
Case No. CR-97-356977-ZA
Application for Reopening
Motion No. 570950

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecutor, *for appellee*.

Christopher Lenhart, *pro se*.

LISA B. FORBES, J.:

{¶ 1} Applicant, Christopher Lenhart, for the second time seeks to reopen his appeal in *State v. Lenhart*, 8th Dist. Cuyahoga No. 74332, 1999 Ohio App.LEXIS 3379 (July 22, 1999) ("*Lenhart I*"). Because successive applications to reopen an

appeal are not allowed by App.R. 26(B) and the application is untimely without a showing of good cause, the application for reopening is denied.

## I. Procedural History

{¶ 2} In 1998, Lenhart was convicted of rape and felonious assault, for which he received an aggregate seven-year prison sentence. He appealed his convictions to this court arguing that the trial court erred in allowing the state to impeach its own witness, Lenhart's rape conviction was based on insufficient evidence and was against the manifest weight of the evidence, the trial court erred in limiting cross-examination of the victim, and defense counsel fell below the standard for constitutionally ineffective assistance. *Lenhart I* at 1. On July 22, 1999, this court issued an opinion that overruled Lenhart's assigned errors and affirmed his convictions. *Id.* at 31. Lenhart has served his prison sentence and period of postrelease control.

{¶ 3} Throughout the years, Lenhart has attempted to vacate portions of his sentence and has sought additional DNA testing. These collateral proceedings have little bearing on the present application so they will not be restated here.[1] The relevant procedural history is that on January 17, 2019, Lenhart filed an application to reopen *Lenhart I* in *State v. Lenhart*, 8th Dist. Cuyahoga No. 74332, 2019-Ohio-1113 ("*Lenhart II*"). On March 27, 2019, this court denied the application for

---

[1] A more thorough review of the procedural history of Lenhart's various motions and appeals can be found in *State v. Lenhart*, 8th Dist. Cuyahoga No. 110226, 2022-Ohio-125.

reopening based on Lenhart's failure to show good cause for the substantial delay in filing. *Id*. at ¶ 7.

{¶ 4} Now, almost four years after his initial application for reopening, Lenhart again seeks to reopen the appeal from his 1998 criminal convictions. On January 3, 2024, he filed the present successive application where he asserted the following proposed assignments of error:

> 1. Appellate counsel never inquired into the fact that trial counsel allowed Mr. Lenhart to take the stand to testify on his behalf without first hiring an expert to investigate and test said biological material in the custody of the state of Ohio.
>
> The fact that trial counsel failed to inquire into the reliability of the biological material applicant believes falls under the case of *United States v. Cronic*, 466 US 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Citing *Strickland*, Supra.
>
> 2. Appellate counsel never inquired into the fact that the trial court never conducted a *Daubert* hearing to determine if in fact Ms. Tina Wolfe was testifying within the [sic] EVID.R.702.
>
> Ms. Wolfe was testifying to evidence that was not tested for its reliability and was believed to be true by the jury which in fact denied applicant a fair trial.
>
> There was testimony by a nurse that she and detective Coleman opened and started to conduct some testing and procedure but there was no report of her as a[n] expert to in fact conduct the procedures she was asked to do by Det. Coleman.
>
> 3. Appellate counsel never inquired into the fact that the statement of the victim (C.S.) deferred [sic] later from the initial statement. She first stated there was two (2) attackers and later recanted after applicant believes that the biological material was altered and or contaminated by the nurse and Det. Coleman. The nurse admitted in trial that she was doing what Det. Coleman asked of her.
>
> 4. Appellate counsel failed to inquire into the fact that the jury never decided what if any subsection of R.C.2907.02 as it was left blank.

The trial court stated that applicant knows what subsection he's guilty of which is structural error as the jury must decide guilt. See Crim.R.52(B).

{¶ 5} Lenhart's application acknowledged untimely filing, but only stated that he was late in filing because "he was never put on notice that the biological material was missing that was disclosed upon request [sic] the state of Ohio."

{¶ 6} On January 4, 2024, the state filed a brief in opposition to Lenhart's second application for reopening. There, it argued that successive applications for reopening were prohibited, the application was untimely without a showing of good cause, and the application lacked a sworn statement attesting to the basis for the claimed ineffective assistance of appellate counsel.

## II. Law and Analysis

{¶ 7} App.R. 26(B) provides a means to raise claims of ineffective assistance of appellate counsel in criminal cases. Under this rule, an applicant can argue a claim of ineffective assistance of appellate counsel, which is analyzed using the same standard for ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 17. The application shall be granted if "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 8} However, "there is no right to file successive applications for reopening" under App.R. 26(B). *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 790 N.E.2d 299, ¶ 12. "Neither App.R. 26(B) nor *State v. Murnahan*, 63 Ohio

St.3d 60, 584 N.E.2d 1204 (1992), provides a criminal defendant the right to file second or successive applications for reopening." *Id.* at ¶ 10. *Accord State v. Meadows*, 8th Dist. Cuyahoga No. 111950, 2023-Ohio-3469, ¶ 4. Lenhart previously filed an application for reopening in 2019, which was denied in *Lenhart II*. Lenhart does not address under what authority this court may grant a successive application, and the above authority states that successive applications are not permitted. Accordingly, this successive application must be denied.

{¶ 9} Further, an application for reopening must be filed within 90 days of the journalization of the appellate decision in the appeal that is the subject of reopening. App.R. 26(B)(1). The failure to file within 90 days requires the application to establish good cause to excuse the delay in filing. App.R. 26(B)(2)(b). Where arguments going to good cause exist, "[g]ood cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998), citing *State v. Hill*, 78 Ohio St.3d 174, 677 N.E.2d 337 (1997), and *State v. Carter*, 70 Ohio St.3d 642, 640 N.E.2d 811 (1994).

{¶ 10} The present application is untimely without a showing of good cause to excuse the over 24-year delay in filing. In support of good cause, Lenhart argues that "he was never put on notice that the biological material was missing that was disclosed upon request [sic] the state of Ohio." He does not further elaborate. In any event, none of the proposed assignments of error relate to missing or untested biological materials. The proposed assignments of error deal with trial issues that were known or reasonably could have been known at the time of the direct appeal

or within 90 days the appellate decision.  Lenhart's stated reason for the delayed filing does not provide a basis for this court to excuse a 24-year delay. Therefore, Lenhart has not set forth good cause to establish why he was prevented from timely filing an application for reopening within 90 days.  Therefore, the application must be denied.

{¶ 11}  Application denied.

_____

LISA B. FORBES, JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR